■Mr Chief Justicé Makshall
 

 delivered the opinion-of the Court.
 

 ■ The defendants in error deny the jurisdiction of this Court, because, they say, the record does not show that the constitutionality of the act of the legislature, under which the plaintiff claimed to support his action, was. drawn into question.
 

 Undoubtedly the plea might have stated in terms that the act, so far as it authorized a dam across the creek, was repugnant to the constitution of the United. States; and it might have been safer, it might have avoided any question respecting jurisdiction, so to frame it. But we think it im-. possible to doubt that the cpnstitutionality of the act was the question, and the only question, which could have been discussed in the state court. That question must have been discussed and decided.
 

 The plaintiffs sustain their right to build a dam across the creek by the act of assembly. Their declaration is, founded upon that act. The injury of which they complain is to a right given by it. -They do not claim for themselves any right independent of it. They rely entirely upon the act of assembly.
 

 The plea does not, controvert the existence of the act, but denies its capacity to-authorise the construction of a dam across a navigable stream, in which the tide ebbs and flows; and in which there was, and of right, ought tqdiave been, a certain common and public way itt. the nature of a' highway. This plea draws nothing into question but the validity of.the act; and the judgment of the court rpust have been in favour of its validity. Its consistency with, or re<-pugnancy to the constitution of the United States, necessarily arises upon these pleadings, and.must have been determined. • This Court has repeatedly decided in favour of its jurisdiction in such a case. ' Martin
 
 vs.
 
 Hunter’s lessee
 
 (a)
 
 ,
 
 *251
 
 Miller
 
 vs.
 
 Nicholls
 
 (b)
 
 , and Williams
 
 vs.
 
 Norris
 
 (c)
 
 , áre expressly in point. They .establish, as far as precedents can establish any thing, that it is not necessary to state in terms on the record,, that the constitution or a law of the United. States was drawn in question. It is sufficient to bring the ca«.e within the provisions of the 26th section of the judicial adt, if the record shows, that the constitution or a law of a treaty of the United States must have been misconstrued^ or the decision could not be made.. Or, as in this case, that the constitutionality of a state law was questioned, and the. decision has been in favour of the party claiming under such law!
 

 . The jurisdiction of the Court being established, the more doubtful.question is to. be considered, whether the act incorporating the Black Bird Creek Marsh Company is repugnant to the constitution, so far as it authorizes a dam across the creek; The plea states the creek to be navigable, in the nature of a. highway, through which-the tide ebbs and flows.
 

 The act of assembly by which the plaintiffs were authorized to construct their dam, shows plainly that this is one of those many creeks, passing through a deep level marsh .adjoining' the Unaware,; up which-the tide flows for some distance. The value of the property on its banks must be enhanced.by excluding the water from the marsh, and the health ofthe inhabitants probably improved. Measures calculated to produce these objects,-provided they do not come into collision with, the powers, of-the general government,/are undoubtedly within those which are reserved to the states. But the measure authorised by this act stops a. navigable creek, and must be supposed to abridge the rights of tiróse who have been accustomed to use it. /But this, abridgement, unless it comes in conflict with the constitution or a law of the United States, is an affair between the government of Delaware and its citizens, of which this Court can take no cognizance.
 

 The' counsel for the plaintiffs in error insist that it comes
 
 *252
 
 in conflict with the power of the United States “ to regulate commerce with foreign nations and among the several states.”
 

 If congress had passed any act which bore upon the case; any act in execution of the power to regulate commerce, the object -of which was to control state legislation over those small navigable-creeks into which the tide flows, and which abound throughout the . lower country of the middle and southern states ; w.e should feel not much difficulty in saying that a state law coming - in conflict with such act would be void. But congress has. passed no such act. The repugnancy of the law of Delaware to . the constitution is placed entirely on its repugnancy to the power,to regulate commerce with foreign nations and among the several states.; a power which has not jjeen so exercised as .to affect thé question. - .
 

 We do not think that the act empowering the Black Bird Créek Marsh Company to place a dam . across the creek; can, under all the circumstances of the case; be considered as repugnant to the power to' regulate commerce in its dormant state* or as being in conflict with any law passed on the subject.
 

 There is no error, and the judgment is affirmed.
 

 This, cause came on to be heard on the-transcript of the record from the high court of errors, and appeals of the, state of Delaware, and was arguéd by counsel; on consideration whereof this Court is of opinion, that- there is no error in the judgment of the said high court of errors and . appeals of the state of Delaware; whereupon it is considered, ordered and adjudged by this Court, that the judgment of the said court in this cause, be, and the same is,-hereby affirmed with costs.
 

 (a)
 

 ,!
 
 Wheaton,
 
 355.
 

 (b)
 

 4 Wheaton, 811.
 

 (c)
 

 12
 
 Wheaton,
 
 117.