68 U.S. 512
 17 L.Ed. 500
 1 Wall. 512
 ROOSEVELT
v.
MEYER.
 December Term, 1863
 
 MR. ROELKER, of counsel for the defendant in error in this case, moved the court to dismiss the writ of error for want of jurisdiction: the case being thus:
 The Judiciary Act of 1789 (§ 25) provides that this court may review the judgment of the highest court of a State in cases 'where is drawn in question the construction of any clause of the Constitution, or of a . . . statute of . . . the United States, and the decision is against the title, right, privilege, or exemption specially set up or claimed by either party under such clause of the said Constitution, statute,' &c. And the Constitution aforesaid, by Article I, section 8, clause 5, gives power to Congress to establish 'uniform laws on the subject of bankruptcies.' By Articles 5, 9, and 10, of certain amendments to the same, it declares that 'no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation;' and makes some other provisions not specially important to be mentioned.[1] With these constitutional provisions in force, Congress, on the 25th of February, 1862, passed an act authorizing the issue of United States notes, which notes the act declared should be 'lawful money and a legal tender in payment of all debts, public and private,' except duties on imports, and interest on the Federal debt.
 In this state of things, as appeared from a case stated for the Supreme Court of New York, Meyer, plaintiff in that case, desiring to pay a bond and mortgage which he had assumed to pay, and which were held by Roosevelt, defendant in it, as original mortgagee, tendered to the latter the sum of $8171, being the full amount of principal and interest, in notes of the United States, issued under the act of Congress, aforesaid. Roosevelt refused to receive the same as legal tender, and claimed that the repayment should be made in gold coin of the United States. The case stated for the Supreme Court of New York went on as follows:
 'It was thereupon agreed by and between the said parties that the defendant should receive, and he accordingly did receive, the said sum of $8170 in said notes of the United States, conditionally, and that the question whether the said notes of the United States are and were a legal tender in payment of said mortgage debt and interest should be submitted to a court having jurisdiction.
 'The question submitted to the Supreme Court of New York upon this case is:
 'Were the said notes of the United States a legal tender on the part of the plaintiff?
 'If the court shall decide this question in the affirmative, then judgment is to be rendered for plaintiff, ordering the defendant to deliver up said bond and mortgage to be cancelled, and to acknowledge satisfaction thereof, and discharge the same of record.
 'If, on the other hand, the court shall decide the said question in the negative, then judgment is to be rendered in favor of defendant, ordering the plaintiff to pay the additional sum of three hundred and twenty-six 78/100 dollars,[2] with interest from the 11th day of June, 1862; and that upon the payment of this sum, with interest, the defendant acknowledge satisfaction of said bond and mortgage, and discharge the same of record, and deliver up the said bond and mortgage to be cancelled.'
 The Supreme Court of the State decided the question in the negative, and judgment was rendered for the defendant. The plaintiff appealed to the Court of Appeals of the State of New York, the highest court of the State, and that court reversed the decision of the court below, and rendered judgment in his favor, and in their order for judgment add the following:
 'And it is hereby certified and stated by this court that the defendant and respondent on the hearing of this case, relied upon certain provisions in the Constitution of the United States, namely Article I, section 8, clause 5, of the said Constitution, and Articles 5, 9, and 10 of the amendments thereof, the effect of which, as the said respondent insisted, was, that the debt, owing to the said respondent upon and by virtue of the bond and mortgage mentioned in the submission of the case, could not be paid against the will of the said creditor in anything but gold or silver coin, and that the said claim of the respondent was overruled and disallowed by this court.'
 Roosevelt, the defendant, and now plaintiff in error, thereupon brought a writ of error under the twenty-fifth section of the Judiciary Act of 1789, which writ the defendant in error now moved to dismiss, on the ground that this court has no jurisdiction, inasmuch as the highest court of law and equity of the State, in which a decision in the suit could be had, decided in favor of the validity of the act of Congress of 25th of February, 1862, which was the only statute of the United States drawn in question in the case.
 Mr. Roelker, in support of his motion: The certificate does not state, that the points referred to were especially set up by the plaintiff, but only that on the hearing, i. e. on argument of the case, the plaintiff relied upon the sections of the Constitution referred to. It is evident that the plaintiff in error, by way of argument against the constitutional validity of the act of 1862, relied upon the sections of the Constitution to demonstrate that the act is unconstitutional and invalid. This is insufficient. The record should show, by just inference at least, that these questions were made, and that the court below must, in order to have arrived at the judgment pronounced by it, have come to the decision of those questions, as indispensable to that judgment.[3] The question regarding the validity of any act of Congress will always in involve the construction of one or more sections of the Constitution. The validity of an act depends upon the power of Congress to pass it, and this power depends upon the Constitution, as the source of all its powers. Either party in any suit, where such a question arises, must claim under some section of the Constitution, for or against the validity of the act. If the decision is in favor of the validity, it may, in one sense, be said that what the other party claimed was disallowed, but not in the sense of the Judiciary Act.
 Messrs. Scharff and Henry, contra: The record in this cause, we think, does show that there was drawn in question in the court below the true construction of certain clauses of the Constitution, to wit, Article I, clause 5, section 8, and Articles 5, 9, and 10 of the amendments; and it shows further, that the decision of the court below was against the right claimed by Roosevelt thereunder. By such adverse decision he is entitled to an appeal. The Court of Appeals, in fact, took special care to insure justice as far as it lay in their power to both parties, by so framing the judgment that no doubt could exist as to its appealable character, and evidently with this intent they made the particular certificate which they did. That certificate comes here as part of the record.
 Under the several clauses of the Constitution mentioned in it, but particularly under Article 5 of the amendments, Roosevelt claimed as a right of property, sacred under the fundamental law of the Union, that he could not, by the operation of the act of February, 1862, directly or indirectly be deprived of his property without due process of good constitutional law, and that therefore he could not be made against his will to accept as full payment and discharge of a debt of $8171 due to him from Meyer, certain paper securities of the United States, called Legal Tender Notes, the market value of which at the time of their tender to him was only $7844.22, or about $326.78 less than the debt, and the effect of which tender would be, if enforced, to confiscate to the use of the debtor Meyer a portion, to wit, $326.78 of said debt.
 The clause of the twenty-fifth section of the Judiciary Act, relied on, which gives an appeal to the citizen where the decision of the State court is against a right claimed under and depending upon the construction of any clause of the Constitution is, in fact, coextensive with the provision of the Constitution which extends the judicial power of the Supreme Court to 'all cases in law and equity arising under this Constitution;' and no construction of the Judiciary Act can be made to deprive the citizen of the United States of the protection guaranteed to him by that article.
 A case is said to 'arise' under the Constitution or laws of the United States whenever its correct decision depends on the construction of either.[4]
 Mr. Justice WAYNE delivered the opinion of the court.
 
 
 1
 The suit was commenced in the Supreme Court of the State of New York, in which the validity of the act of Congress, of the 25th February, 1862, to authorize the issue of United States notes, and for the redemption and funding thereof, and for funding the floating debt of the United States, was drawn in question, and the legal right and title of the defendant, who was plaintiff in the court below, depended upon that statute. [His honor here stated the facts.] The Supreme Court ruled the question in the negative, and judgment was rendered for the plaintiff in error. The defendant in error then carried the case to the Court of Appeals of the State of New York, and that court reversed the decision of the Supreme Court, by rendering its judgment in favor of the defendant in error, giving to him the right which he claimed by the statute to pay the bond and mortgage in the notes issued under it. From that judgment the plaintiff in error has brought the case to this court. I have been instructed by the court to announce it to be our conclusion, upon the examination of the record, that as the validity of the act of the 25th February, 1862, was drawn in question, and the decision was in favor of it and of the rights set up by the defendant, that this court has no jurisdiction to revise that judgment. We direct accordingly the dismission of the case.[5]
 
 
 2
 Mr. Justice NELSON dissents.
 
 
 3
 DISMISSAL ACCORDINGLY.
 
 
 
 [1]
 They run thus:
 Art. 9. The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.
 Art. 10. The powers not delegated to the United States by this Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people.
 
 
 [2]
 This was admitted to be the difference at 4 per cent. between the market value of the notes, on the day of tender, and gold coin of the United States
 
 
 [3]
 Willson v. Blackbird Creek Marsh Co., 2 Peters, 245, 250; Harris v. Dennie, 3 Id., 292, 302; Williams v. Norris, 12 Wheaton, 117.
 
 
 [4]
 Cohens v. Virginia, 6 Wheaton, 379.
 
 
 [5]
 Gordon v. Caldcleugh, 3 Cranch, 268; Fulton v. McAffee, 16 Peters, 149; Strader v. Baldwin, 9 Howard, 261; Linton v. Stanton, 12 Id., 423.