THE STATE, STOKES, PROSECUTOR, v. GEORGE A. PARKER ET AL., DEFENDANTS.

A road was originally laid out by four surveyors of the highways; in their return the surveyors omitted to assess and award damages to owners of certain lands taken for the road; under the supplement to the Road act of March 12th, 1874 (*Rev., p.* 1018), proceedings were instituted to amend the return. One of the surveyors who signed the original return had died. *Held* that, under the said statute, the Court of

Common Pleas had the power to make an order requiring the three surviving surveyors who signed said return to meet and amend its errors and defects.

On *certiorari* to the Court of Common Pleas of the county of Monmouth.

The writ in this case issued to the Court of Common Pleas of the county of Monmouth, to bring up for review a matter of road, wherein, on the return of four surveyors laying out the road, there was an omission to assess damages to the owners for lands taken in the laying of the road, and the assessment of damages to others whose lands were not taken.

On proper proceedings had in the Court of Common Pleas, three surveyors, being the only survivors of those who laid the road, were appointed by the court to correct the return in these particulars, and by .their amended return corrections were made, and an order of the court followed directing the amended return to be recorded.

Argued at February Term, 1890, before Justices KNAPP and DIXON.

For the prosecutor, *James Steen.*

For the respondents, *William T. Chamberlain.*

The opinion of the court was delivered by

KNAPP, J.   A single legal question is presented by this review.   The road was originally laid out by four surveyors of the highways.   Two of the six appointed by the court did not attend, although the statutory notice was given to them.

The surveyors omitted in their return to assess and award damages to the owners of certain lands taken for the road. This error being clearly amendable under the provisions of the Road law, proper proceedings were instituted before the Monmouth Pleas to amend the return.

One of the surveyors of the highways who signed the original return had died. The three survivors were appointed by the court and made a corrected return altering the original so far only as the defects specified in the application to the court required change for their correction.

The question raised is, whether the three surveyors so appointed had jurisdiction to correct by amendment the original return.

The proceeding is entirely statutory, and the answer, therefore, to the inquiry, must be found upon inspection of the statute regulating this subject. That act is the supplement of March 12th, 1874, to the act concerning roads. *Rev., p.* 1018, § 124.

In this act provision is made for amending "defective or erroneous" returns. It is enacted in that statute that "the court, on motion of the applicants for the road, or any of them, shall make an order specifying the particulars wherein said return is defective or erroneous, and requiring the surveyors who *signed said return*, and who are *still living and residents* of the county or counties in which the road is located, to meet, at a time and place to be designated in the order, to make an amended return," and when so met, "they, or a majority of them," are directed to "make, date and sign an amended return, correcting the errors and defects in their former return."

It is further provided that expiration in office of any who signed the original return, and who still reside in the county or counties in which the road was laid, shall not incapacitate from service in making the corrected return.

There is no ground for supposing this statute to be outside of the constitutional power of the legislature to enact, and there is nothing of uncertainty in its provisions. It clearly expresses the intent that only those of the surveyors who signed the return, and who still live in the county or counties, shall be appointed to amend its errors and defects, and that a majority of those so named in the order shall have power to make the corrections of error. The constitution has conferred

upon the legislature the power of control over the whole sub-
ject of compensation to landowners for lands taken in the
laying of roads and public highways, and it is for the legisla-
ture to determine, not only the measure of compensation, but
the method of its ascertainment, and when the legislative will
is clearly expressed in these respects that is our sole guide.

It is said that the Road act requires four surveyors of the
highways to return the road and assess the landowner's dam-
ages, and the prosecutrix complains that her damages were,
for the first time, assessed by a less number than four.

It does not appear in the case whether or not the surveyors
originally estimated damages to the lands belonging to the
prosecutrix lying within the lines of the road.   All that does
appear is, that the original return failed to certify such dam-
ages.   But this is entirely immaterial.   Assuming that no
estimate was actually made by the four surveyors, and that
the three who made the amended return were the first to make
the assessment, if there be ground of complaint against this
course of procedure the complaint is one to be addressed to
the legislature rather than to the courts, if we are right in
holding the omission in the original return to make the assess-
ment to a landowner to be within the range of the errors or
defects contemplated and embraced in the statute.   That it is
within such errors seems to be settled by the case of *Craig* v.
*Brands*, 17 *Vroom* 521.   That case was the correction of such
an omission.   Indeed, it is obvious that every error or defect
which the reviewing body is called upon to correct is through
some act or omission violative of statutory duty, which duty
less than four surveyors could not in the first instance have
legally performed.   The correction of such defects and omis-
sions was not provided for under the earlier law.   Such errors
worked a defeat of the whole proceeding.   This was regarded
as an evil by the legislature, and the act of 1874 was intended
to remedy that mischief.   As to such errors, the later statute,
in their correction, has modified the earlier in respect to the
number who may act.

We therefore conclude that in this case the surveyors who made the amended return were properly appointed by the court and had jurisdiction to make the amended return under review.

Under the reasons filed for setting aside the return, it is averred that damages were therein awarded to three persons who were not at the time of laying the road owners of any lands within the line of the road.

The facts do not bear out this averment.

One of the three was a purchaser in possession, having paid a large part of the purchase money. This was such an interest in the land as justified an award of damages.

The other two awards were for lands actually taken and the awards were made in the names of the owners. The return, however, described such owners as of Eatontown, when, in fact, they lived elsewhere. This is a misdescription of the persons merely, and is not misleading, the case showing who the true owners were.

The Road act does not require the residence of the land-owners to be stated in the return. Such description may, therefore, be rejected as surplusage. If two or more are found of the same name, the award, presumptively, belongs to him bearing the name whose lands are taken, and payment can lawfully be made only to such owner.

The road return and proceedings should be affirmed and *certiorari* dismissed, with costs.