## STATE *vs.* JAMES H. LEIGHTON.

### Washington.   Opinion April 16, 1891.

*Way. Bridge. Navigable Waters. Nuisance. Special Laws. February 27, 1821.*

A State may, until legislation on the subject by Congress, authorize the erection of a bridge across a navigable river within the State. Until action has been taken by Congress, such Act of the State is not repugnant to the power to regulate commerce.

The defendant was indicted for destroying a bridge across Little River, in the town of Perry, constructed under an Act of the legislature of the State. He claimed that the legislature did not have the power to authorize its construction; and, as it to some extent interfered with the navigation of the river, it was a public nuisance, and of special injury to him; and, therefore, he had a right to remove it. *Held:* That the legislature had power to authorize its construction, that it was a part of the public highway, and the defendant had no power over it.

ON REPORT.

The case is stated in the opinion.

*E. B. Harvey, E. K. Smart* with him, for defendant.

*E. E. Livermore,* county attorney, for state.

LIBBEY, J.   The defendant was indicted at the October term, 1887, in Washington county, for obstructing and incumbering a public highway in the town of Perry, by cutting down and destroying a public bridge leading across Little River in said town, which was a portion of the highway. He was tried at said term, and after the evidence was all out, the presiding judge ruled that there were no facts proved in the case which

would justify a cutting down of the bridge by the defendant; and upon this ruling the jury returned a verdict of guilty. The case comes into this court on a report of the evidence and the proceedings at the trial, with the stipulation that if the ruling of the judge is right the verdict is to be sustained; if incorrect, to be set aside and a new trial granted.

The defense claimed that Little River, at the point where the bridge was constructed, was a tidal river, and before the construction of the bridge was navigable at that point by boats and small vessels at high tide. The bridge was built by the town of Perry in 1821, and has remained there and been used as a part of the public highway from that time to the time when it was cut down by the defendant.

It is claimed that it was constructed under the authority of an act of the legislature of this state which is as follows:—

"Sec. 1. Be it enacted by the Senate and House of Representatives in legislature assembled, that John Dudley, Peter Golding, and Moses Lincoln, selectmen of the town of Perry, in the county of Washington, their successors or assigns, be and they are hereby authorized to build a bridge across Little River from land owned by Robinson Palmer, on the northeast side of said river to land on the southwest side of said river, owned by John Mahar, in said town of Perry; provided that said bridge shall always be kept open and free at all times for the accommodation of travelers and no toll shall ever be demanded of any person for passing the same."

"Sec. 2. Be it further enacted that every person who shall cut away or otherwise injure said bridge shall be liable to pay double damages in any court proper to try the same, one half to be appropriated to the use of the owners of said bridge, the other half to the benefit of the person that may prosecute the same."

At the trial it was admitted that the bridge was built across Little River, from land owned by Robinson Palmer on the northeast side of said river to land on the southwest side of said river owned by John Mahar in said town of Perry. The evidence shows that the bridge was built by Dudley, Golding

and Lincoln named in the act as selectmen of the town of Perry, by the authority of the town, and that it was paid for by the town, and from that time down has been maintained and repaired from time to time by the town as a part of the highway. The defendant claims that he had occasion to navigate Little River at that point by his small schooner loaded with lumber, and that the bridge was a nuisance to the public, and of special damage to him, and for that reason he had a right to cut it down and remove it. This contention raises the question, at once, of the power of the legislature to grant the authority to construct the bridge across tide waters under the peculiar circumstances and situation. It is claimed by the defendant's counsel, that no such authority existed in the state; that the authority was vested in Congress alone, in the clause of the constitution vesting in Congress the power to regulate foreign commerce.

We think this contention is not sound. It has been held by the Supreme Court of the United States, that while the general power to regulate commerce with foreign nations is vested in Congress, still where the subject-matter involved is a tidal river so situated as not to be in the line of general commerce, and Congress has not exercised its power over it, the state may exercise the power of authorizing the erection of bridges or dams across it for the public convenience and necessity. *Willson* v. *Blackbird Creek Marsh Co.* 2 Peters, 245. The doctrine of this case has been affirmed by the same court in *Pound* v. *Turck*, 95 U. S. 459, 463; and in *Willamette Bridge* v. *Hatch*, 125 U. S. 1, 8-12. The same doctrine has been held by several of the state courts; but we do not deem it necessary to cite state authorities.

Our conclusion is that the bridge was constructed, maintained and used by legal authority as a part of the public highway, and that the defendant has no justification in destroying it.

*The verdict is to stand.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.