GILLETT and another, Special Administrators, Appellants, vs. McGONIGAL, Respondent.

*September 2 — September 29, 1891.*

*Highways: Powers of committee of county board.*

Under secs. 1300, 1302, R. S., a committee of the county board cannot make an order laying out a highway, but must report its determination to the board, and the board itself must make the order.

APPEAL from the Circuit Court for *Grant* County.

It appears from the record that this is an action for tres-
pass *quare clausum fregit*, alleged to have been committed
March 28, 1889, commenced in justice's court by the plaint-
iffs' intestate; that the defendant justified on the ground
that the *locus in quo* was at the time named within the lim-
its of a public highway laid out by the county October 10,
1888. Upon the trial in the circuit court there was evi-
dence to the effect that at the November session of the
county board of supervisors for 1887, a resolution was
adopted by said board, of which the following is a copy:

" *Resolved*, that the chairman of the county board be
and is hereby authorized to fill all vacancies that may occur
in the committee on county roads by reason of resignation
or other cause, and that said committee be and is hereby
authorized to 'act in all respects in laying out, altering, and
discontinuing highways as provided by law, as if acted on
by the whole board of supervisors."

There was evidence, also, that a similar resolution was
passed each year previously, back to 1878, and also one for
the year 1888; that during the months of August, Septem-
ber and October, 1888, there was a committee of five in
existence, which had been previously appointed by the chair-
man of the county board in pursuance to said resolutions;
that on or about August 8, 1888, a petition, signed by the
requisite number of freeholders, was made to the county
board of supervisors for the laying out of a county road
along and over the place in question; that September 10,
1888, a notice, signed by that committee, of the time and
place of meeting to decide upon the application was duly
published; that October 10, 1888, the committee met, ac-
cording to such notice, at the place named therein, and then
and there proceeded to examine personally such highway,
and did hear all reasons for and against the same, and did
then determine orally to grant said petition, and to order

said highway to be laid out and established, and also awarded damages to the respective parties, including eight dollars to said intestate; that said committee thereupon authorized one of their number to draw up the order laying out and establishing such highway and awarding such damages, and the other four wrote their names upon a blank piece of paper, and directed the person so authorized to draw the order to annex such blank with their names thereon thereto, after the same should be drawn; that he did draw said order with said award, and annexed thereto said blank, and the same was thereupon filed in the office of the county clerk; that otherwise the county board never acted upon the laying out or establishing said highway.

Upon such evidence the circuit court directed a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appeals.

For the appellants there was a brief by *Clark & Taylor*, and oral argument by *S. H. Taylor*.

*A. R. Bushnell* and *R. A. Watkins*, for the respondent.

CASSODAY, J.   Sec. 1300, R. S., authorizes the county board of supervisors, upon petition, to lay out highways under the circumstances therein mentioned; and also expressly provides that "all the powers herein mentioned may be exercised by a committee of not less than three members of the board, duly appointed for that purpose." Under this provision it was held by the learned trial court that the committee of five, appointed by the chairman of the county board in pursuance of the resolutions mentioned in the foregoing statement, had full power and authority to lay out and establish the road in question, without any approval of or sanction by the county board.

The obvious purpose of the provision of the statute quoted was to obviate the necessity of the whole board personally viewing the line of the proposed highway.   To

make such personal view in some counties where the members of the board are very numerous, and especially where the proposed highway is distant from the county seat, would be very expensive. Hence, to avoid such necessity and expense, the committee authorized was given "all the powers" of the county board in viewing the proposed route and acting in the field. But this does not contemplate that such committee is not to report its action and determination to the county board, nor obviate the necessity of final action by such board upon such report. This is made plain by sec. 1302, R. S., which prescribes the method of procedure in laying out such road. The two sections relate to the same subjects, and must be construed together. Sec. 1302 provides that "at the time and place mentioned in such notice, . . . said board *or* its duly-appointed committee shall proceed *personally* to examine such highway, and hear any reasons that may be offered by parties interested therein. . . . *If a committee have been appointed, they shall report their determination to the board,* and their award of damages for lands taken. *Upon the receipt of such report, or,* when the board shall act without a committee, *upon their determination, they shall make an order* laying out . . . such highway, or refusing so to do, which shall be signed by the chairman and county clerk, and filed and recorded in the county clerk's office."

Manifestly, this statute requires such committee to thus report to the board, and the board itself is thereby required to make the order laying out such highway, which order must also be signed and filed as thus required, before the same becomes a legally established highway. In the case at bar no such report or order was ever made, much less signed or filed. We must accordingly hold that there is no evidence that the *locus in quo* was within the limits of any legally laid out highway. It may be questionable whether the committee in the case at bar was legally appointed, or

whether the order purporting to have been made by the committee was ever in fact signed by the four members who merely wrote their names upon a blank piece of paper, as mentioned in the foregoing statement; but we pass no judgment upon these questions.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.