PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* TOWN OF WOLCOTT.

[No. 19,942. Filed January 6, 1904. Rehearing denied March 31, 1904.]

APPEAL AND ERROR.— *Constitutionality of Statute.*—*Independent Assignment of Error.*—The constitutionality of a statute can not be presented on appeal by an independent assignment of error. *p. 401.*

MUNICIPAL CORPORATIONS.— *Opening Streets.*— *Resolution.*— *Eminent Domain.*—The order of the board of trustees appointing commissioners to appraise and assess benefits and damages accruing to landowners by reason of the opening of a street is a sufficient indication of the opinion of the board that the public convenience required the opening of the street, and that the petition was granted, without formal declarations that public convenience required the street to be opened and that the prayer of the petition was granted. *p. 402.*

SAME.—*Opening Streets.*—*Commissioners' Report.*—*Irregularities.*—The failure of the report of commissioners on the opening of a street to state the value of the land appropriated, and what real estate would be benefited, amounted to mere irregularities, and did not constitute ground for dismissing the proceedings, where the report contained an assessment of the damages sustained by the appealing landowner. *pp. 402, 403.*

SAME.—*Opening Streets.*—*Commissioners' Report.* — Where no motion was made by a landowner to set aside or vacate the report of commissioners on the opening of a street because it did not state the value of the land appropriated or what real estate would be benefited, the only question to be determined in the circuit court was the amount of damages sustained. *p. 403.*

SAME.—*Opening Streets.*—*Railroad Crossing.*—*Eminent Domain.*—The fact that a proposed street was to be laid out across a railroad was not of itself sufficient to defeat the appropriation. *p. 403.*

MUNICIPAL CORPORATIONS.—*Opening Streets.*—*Statutes.*—*Constitutional Law.*
—Sections 4404-4410 Burns 1901, authorizing the opening of streets,
are constitutional. *p. 403.*

SAME.—*Opening Streets.*—*Assessment of Benefits and Damages.*—Where on an
appeal from a proceeding to open a street it appeared that only a por-
tion of the landowner's property had been taken, the jury had the right
to consider the amount of benefits to that portion which remained, and
if it found that the landowner was benefited instead of damaged by the
appropriation, no damages should have been allowed. *pp. 405, 406.*

From White Circuit Court; *T. F. Palmer,* Judge.

Proceeding for the opening of a street in the town of
Wolcott. An appeal was taken by the Pittsburgh, Cin-
cinnati, Chicago & St. Louis Railway Company. From a
judgment in favor of the town, the railroad company ap-
peals. *Affirmed.*

*G. E. Ross,* for appellant.

*M. B. Beard, J. F. Hanly* and *W. R. Wood,* for ap-
pellee.

DOWLING, J.—A petition for the opening of a street in
the town of Wolcott, signed by more than twelve resident
freeholders, was presented to the board of trustees of that
town. The board thereupon appointed three commission-
ers having the statutory qualifications to appraise and
assess the damages and benefits accruing to the owner of
any land or lot through which the proposed street was to
be opened. Such commissioners, before they proceeded to
perform their duties, took and subscribed the oath pre-
scribed by the statute, which oath was indorsed on the
certificate of their appointment and filed with the clerk of
the board. The requisite notice of the appraisement to be
made, a complete description of the premises to be viewed,
and the time and place of the examination and hearing,
was given to the commissioners and to the appellant, as
the owner of land to be appropriated. The commissioners
met at the time and place designated in the notice, and pro-
ceeded to examine the real estate proposed to be appro-
priated, and to receive evidence touching the questions

before them.  They made their report to the board in writing, and within the time fixed by law filed the same with the clerk of the board of trustees.  The total amount of damages sustained by the appellant by reason of the appropriation of the land taken, the removal of a depot building, the construction and maintenance of crossings, and by all other causes, was estimated by the commissioners at $250, and this sum was tendered to the appellant by the appellee, but the appellant refused to accept the same. An appeal to the White Circuit Court was taken by the railroad company, exceptions raising questions of law and fact were filed by it, the issues formed were submitted to a jury for trial, and a general verdict was returned in favor of the appellee.  Over motions for a new trial and in arrest of judgment the court rendered judgment against the railroad company that the land described be appropriated for the purposes of a public street, that the street be opened upon and over the land so appropriated, and that the railroad company sustained no damages by such appropriation.

Error is assigned upon the sufficiency of the facts stated in the transcript of the proceedings of the board of trustees to constitute a complaint, the rulings of the court upon demurrers, the refusal of the court to grant appellant a new trial, and the denial of the motion in arrest of judgment.

The fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, and twenty-second assignments of error present no question.  All of them allege the unconstitutionality of the statute and proceedings by virtue of which the appropriation of appellant's land was effected. Such infirmities, if they exist, can not be presented by way of independent assignments of error.  *Standish* v. *Bridgewater*, 159 Ind. 386.

The question of the validity of the statute, proceedings, and judgment, however, is properly raised by the assign-

ment of the alleged errors of the court in sustaining certain demurrers and overruling others, and in overruling the motions for a new trial, and in arrest.

The transcript of the proceedings of the board of trustees shows that all the steps required by the statute, with perhaps one exception, were regularly and properly taken. No formal resolution that the public convenience required the opening of the street was necessary. Nor was it essential that a preliminary order should be made declaring that the prayer of the petition was granted. Neither of these formalities is prescribed by the statute. The act provides that if, upon petition, the board of trustees of any town may be of opinion that public convenience requires the opening of a new street or alley, the board shall appoint three commissioners, residents of such town, who shall be disinterested freeholders, to appraise and assess the damages and benefits accruing to the owner of any land or lot through which the street or alley is proposed to be constructed, or any structure thereon appropriated for such street or alley. §4405 Burns 1901. The order appointing the commissioners was a sufficient indication of the opinion of the board that the public convenience required the opening of the street, and that the petition was granted.

As is said in Dillon, Mun. Corp. (4th ed.), §601: "In exercising the power of eminent domain, the city council need not preface their action, as, for example, laying out of a highway or street, by declaring that they find the same to be necessary or expedient. This necessity is sufficiently implied in their action on the subject, inasmuch as they can act only in such a case."

The statute requires that the report of the commissioners shall contain the following particulars: (1) The value of the land appropriated; (2) what real estate, if any, would be benefited—specifying the same in parcels, with the name of the owner, if known—and the proportion of benefits each owner receives, and the proportion of damages

each would sustain.  The report in the present case did not state the value of the land appropriated, nor what real estate would be benefited.  It contained only an assessment of the damages sustained by the appellant by reason of the appropriation of the land.  These ommissions, however, were irregularities only, and did not constitute ground for dismissing or vacating the proceedings.  Elliott, Roads & Sts. (2d ed.), §351; *Brown* v. *Stewart,* 86 Ind. 377; *State* v. *Parker,* 53 N. J. L. 183, 20 Atl. 1074; *Gillett* v. *McGonigal,* 80 Wis. 158, 49 N. W. 814; *Rout* v. *Mountjoy,* 3 B. Mon. 300; *Connecticut River Co.* v. *Clapp,* 1 Cush. 559; *Town of Rensselaer* v. *Leopold,* 106 Ind. 29.

No motion was made by the appellant before the board of trustees or in the circuit court to set aside or vacate the report of the commissioners, and, in the absence of such motion, the only question to be determined in the circuit court was the amount of damages sustained.  *Swinney* v. *Ft. Wayne, etc., R. Co.,* 59 Ind. 205; *Werley* v. *Huntington Water-Works Co.,* 138 Ind. 148; *Chicago, etc., R. Co.* v. *Jones,* 103 Ind. 386.  No motion having been made to set aside the report and for a new assessment and appraisement, we think that the transcript of the proceedings filed in the circuit court contained a sufficient statement of facts to authorize the appropriation of the land and an inquiry as to the amount of damages sustained by the appellant.

The circumstance that the proposed street was to be laid out across the appellant's railroad was not of itself sufficient to defeat such appropriation.  Elliott, Roads & Sts. (2d ed.), §451, note 4.

We have no hesitation in pronouncing the act authorizing the opening of streets under which these proceedings were taken (§§4404-4410 Burns 1901) constitutional. The purpose for which private property may be taken under this statute is strictly public.  Notice to the owner is

required. A hearing before commissioners duly appointed according to law is provided for, at which hearing evidence may be received touching any of the questions before such commissioners. A report is to be made by the commissioners to a permanent tribunal designated by the statute. Before the property can be taken, the damages assessed must be tendered to its owner. An appeal to the circuit court may be taken by the owner of the real estate from the order of the board accepting such report.

The hearing secured by the statute must be understood to be one affording to the owner of the real estate proposed to be taken a sufficient legal opportunity to establish by evidence the amount of his damages or benefits. The statute seems to meet every requirement of the federal and state Constitutions. Statutes of this character have been enacted by nearly every state of the Union, and their validity has been sustained by numerous decisions.

"A municipal corporation may be constitutionally invested with the power to open and establish, by compulsory acquisition or by purchase, such streets or parks as its council may judge to be expedient or necessary." Dillon, Mun. Corp. (4th ed.), §602.

"Every species of property which the public needs may require, and which government can not lawfully appropriate under any other right, is subject to be seized and appropriated under the right of eminent domain. Lands for the public ways; timber, stone, and gravel with which to make or improve the public ways; buildings standing in the way of contemplated improvements, or which for any other reason it becomes necessary to take, remove, or destroy for the public good; streams of water; corporate franchises; and generally, it may be said, legal and equitable rights of every description are liable to be thus appropriated." Cooley, Const. Lim. (3d ed.), 526; *Rubottom v. M'Clure*, 4 Blackf. 505; *McCormick v. President, etc.*, 1 Ind. 48; *Snyder v. President, etc.*, 6 Ind. 237; *Rassier*

v. *Grimmer,* 130 Ind. 219; *Forsyth* v. *Wilcox,* 143 Ind. 144; Elliott, Roads & Sts. (2d ed.), §351; *People, ex rel.,* v. *Smith,* 21 N. Y. 595; *Wilson* v. *Blackbird Creek Marsh Co.,* 2 Pet. 245, 7 L. Ed. 412; *Bloodgood* v. *Mohawk R. Co.,* 18 Wend. 9, 31 Am. Dec. 313; *West River Bridge Co.* v. *Dix,* 6 How. 507, 12 L. Ed. 535; *Mercer* v. *Pittsburgh, etc., R. Co.,* 36 Pa. St. 99; *Commonwealth* v. *Inhabitants, etc.,* 1 Pick. 180, 11 Am. Dec. 161; *Scudder* v. *Trenton, etc., Co.,* 1 N. J. Eq. 694, 23 Am. Dec. 756; *Harbeck* v. *City of Toledo,* 11 Ohio St. 219; *Shaffner* v. *St. Louis,* 31 Mo. 264; *Swan* v. *Williams,* 2 Mich. 427; *Embury* v. *Conner,* 3 N. Y. 511, 53 Am. Dec. 325; *Alexander* v. *Mayor, etc.,* 5 Gill. 383, 46 Am. Dec. 630; *Curry* v. *President, etc.,* 15 Ill. 320.

Only a portion of the land owned by the appellant having been taken, the jury had a right to consider the amount of benefit to that portion which remained. If it was found that the appellant was benefited instead of damnified by the appropriation, no damages should have been allowed. Cooley, Const. Lim. (3d ed.), 565; *Rassier* v. *Grimmer, supra; Forsyth* v. *Wilcox, supra.*

The question whether the appellant did or did not sustain damages by the appropriation of a portion of its land was properly presented to the jury by the pleadings and evidence in the cause, and, the fact having been determined by them, we can discover no substantial ground for disturbing their verdict.

The court did not err in refusing to give instructions numbered one, two, and three tendered by the appellant. The first was a peremptory direction to the jury to return a verdict for the appellant. The second and third declared that the measure of damages resulting to the appellant by reason of the opening of the street across its right of way and tracks was the difference in value of that part of its railroad before the street was opened and afterwards, and that the evidence upon that question was undisputed. None

Lake Erie, etc., R. Co. v. Holland.

of these instructions was authorized by the evidence. Witnesses for the appellee had testified fully in regard to the strip of land to be taken, the structures on it, and concerning all its surroundings. From this evidence alone the jury might have decided what effect the improvement would have upon the property of the appellant. The jury had a right to consider not only the opinions expressed by witnesses touching the value of the property of the appellant before and after the opening of the street, but they had the right to consider also the facts upon which these opinions rested as stated by the witnesses.

Some minor questions are discussed by counsel for appellant, but we find in none of them a sufficient reason for a reversal of the judgment.

We find no error in the record. Judgment affirmed.