[No. 8334. Department Two. November 24, 1909.]

E. B. PALMER et al., Respondents, v. A. PETERSON, Appellant.[1]

JURY—RIGHT TO JURY TRIAL. An action to restrain a trespass is of equitable cognizance and without right to a jury trial.

EVIDENCE—DOCUMENTARY EVIDENCE—STATE DEED. A state deed is admissible in evidence without proof of compliance with the statute pursuant to which it was issued.

PUBLIC LANDS—OYSTER LANDS—STATE CONVEYANCE—RIGHT TO POSSESSION—INJUNCTION. A state deed of oyster lands, covered and uncovered by the flow of the tide, grants the exclusive right to possession, and the owner may maintain an action to restrain any person from entering upon or passing over the same, either upon foot or by boat.

NAVIGABLE WATERS—COMMERCE—POSSESSION OF TIDE LANDS UNDER STATE DEED. A state deed of oyster lands, granting exclusive possession and preventing strangers from passing over the same by boat, is not a substantial impairment of the interests of the public in navigable waters or an interference with the Federal right to regulate commerce.

[1]Reported in 105 Pac. 179.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered March 22, 1909, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action to restrain a trespass. Affirmed.

*Revelle, Revelle & Revelle,* for appellant.

*E. B. Palmer,* for respondents.

RUDKIN, C. J.—The plaintiffs are the owners of certain tide lands of the second class, in Kitsap county, which form an arm of Puget Sound and are covered and uncovered by the flow and ebb of the tide. The lands are suitable for the cultivation of oysters, and were conveyed by the state to the predecessor in interest of the plaintiffs, under the provisions of the acts relating to the purchase and sale of oyster lands, Laws 1895, pp. 36-39. The state deed is absolute in form, aside from a provision for a reversion in case the lands are abandoned or used for any purpose other than the cultivation of oysters.

The present action was instituted to restrain the defendant, his agents, servants, and employees from entering upon or passing over the tide lands in question, either upon foot or by boat, or other water craft, and for damages. From a judgment in favor of the plaintiffs according to the prayer of their complaint, this appeal is prosecuted.

The first error assigned is the denial of a trial by jury. The action was of equitable cognizance and was properly triable by the court. Bal. Code, §§ 4966, 4967 (P. C. §§ 358, 359); *Sequim Bay Canning Co. v. Bugge,* 49 Wash. 127, 94 Pac. 922.

The admission of the state deed in evidence without proof of compliance with the provisions of the statute pursuant to which the deed was given is next assigned as error. There was no error in this ruling. *Welsh v. Callvert,* 34 Wash. 250, 75 Pac. 871, and cases cited.

It is lastly contended that inasmuch as the tide lands in

controversy are covered by water to a depth of seven or eight feet at high tide, such waters are navigable, and the appellant has a lawful right to pass over the same, notwithstanding the title of the respondents. This contention cannot be sustained. The state deed is absolute in form, and carries with it the right to the exclusive possession and enjoyment of the lands granted, if such a grant was within the competency of the state, and that such a grant was within the competency of the state cannot, at this late day, be controverted. The nature of the state's title to tide lands has so often been considered by this court, and by the supreme court of the United States, that the question should be considered at rest. In *Illinois Cent. R. Co. v. Illinois*, 146 U. S. 387, 435, 13 Sup. Ct. 110, 36 L. Ed. 1018, the court said:

"It is the settled law of this country that the ownership of and dominion and sovereignty over lands covered by tide waters, within the limits of the several states, belong to the respective states within which they are found, with the consequent right to use or dispose of any portion thereof, when that can be done without substantial impairment of the interest of the public in the waters, and subject always to the paramount right of Congress to control their navigation so far as may be necessary for the regulation of commerce with foreign nations and among the states. This doctrine has been often announced by this court, and is not questioned by counsel of any of the parties."

See, also, *Eisenbach v. Hatfield*, 2 Wash. 236, 26 Pac. 539, 12 L. R. A. 632; *Lownsdale v. Grays Harbor Boom Co.*, 54 Wash. 542, 103 Pac. 833; 1 Farnham, Waters and Water Rights, §43.

The conveyance by the state of tide lands covered and uncovered by the flow and ebb of the tide is not a substantial impairment of the interest of the public in the navigable waters of the state, and does not interfere with the paramount right of Congress to regulate commerce with foreign nations and among the several states. *Willson v. Black*

*Bird Creek Marsh Co.*, 2 Pet. 245, 7 L. Ed. 412; *Bolsa Land Co. v. Burdick*, 151 Cal. 254, 90 Pac. 532.

Judgment affirmed.

CROW, MOUNT, PARKER, and DUNBAR, JJ., concur.