## DAVID GREENFIELD, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANT.

Argued January 20, 1944—Decided April 5, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Louis Ogust*.

For the defendant, *Frank H. Sommer* and *Harold H. Fisher*.

The opinion of the court was delivered by

DONGES, J.  This *certiorari* was allowed to review a decision of the Board of Public Utility Commissioners of the State of New Jersey in the matter of the "Complaint of Lincoln Transit Co., Inc., alleging that one David Greenfield transports passengers between points in this State and points in New York State in auto buses the construction and equipment of which violates the regulations of the Board."

It is undenied that prosecutor is operating under an order of the Interstate Commerce Commission for the issuance to prosecutor of certificates of public convenience and necessity "authorizing special operations as common carriers by motor vehicle in the transportation of passengers and. their baggage, between Lakewood, N. J., and New York, N. Y. in on-call, non-scheduled services over irregular routes, commencing November 1, and ending April 30, of each year, both dates inclusive."

Prosecutor claims and argues that the Board of Public Utility Commissioners is without jurisdiction over the prosecutor because he was operating under a certificate of convenience and necessity issued by the Interstate Commerce Commission under the Motor Carrier Act.

The burden of prosecutor's argument is that the state is without power to regulate operation of motor vehicles where the federal government, through the appropriate agency, has granted permission, and that, having received such permission, the state can impose no regulation, and that the whole matter is *res judicata* by the determination of the Interstate Commerce Commission.

In the report of the examiner who heard and examined the matter for the Interstate Commerce Commission, *Exhibit R-1,* it is said:

"Size and weight of motor vehicles are matters which the Commission is authorized to investigate and report on the need for regulation. (Section 225 of the act.) At the present time there is no federal dimentional regulation relative to motor vehicles and in the absence of such specific legislation state regulation shall prevail. *South Carolina Highway Department* v. *Barnwell Bros.,* 303 *U. S.* 177; 82 *L. Ed.* 734.

"It is not the function of the Commission to interpret state laws or regulations made thereunder. It is reasonable to assume that a carrier will comply with all local regulations to which it is subject."

The questions involved are not *res judicata.* Nor does it appear that the state is without all power to regulate interstate commerce. In *South Carolina State Highway Department* v. *Barnwell Bros., supra,* it was said:

"While the constitutional grant to Congress to regulate interstate commerce has been held to operate of its own force to curtail state power in some measure, it did not forestall all state action affecting interstate commerce. Ever since *Willson* v. *Black Bird Creek Marsh Co.,* 2 *Pet.* 245; 7 *L. Ed.* 412, and *Cooley* v. *Port Wardens,* 12 *How.* 299; 13 *L. Ed.* 996, it has been recognized that there are matters of local concern, the regulation of which unavoidably involves some regulation of interstate commerce but which, because of their local character and their number and diversity, may never be fully dealt with by Congress. Notwithstanding the commerce clause, such regulation in the absence of Congressional action has for the most part been left to the states by the decisions of this court, subject to the other applicable constitutional restraints.

That case involved and the decision sustained a statute prohibiting the use on state highways of motor trucks and semi-trailer motor trucks whose width exceeds ninety inches and whose weight, including load, exceeds 20,000 pounds. The court further said: "The regulatory measures taken by

South Carolina are within its legislative power. They do not infringe the Fourteenth Amendment, and the resulting burden on interstate commerce is not forbidden."

To the same effect is *Cloverleaf Butter Co.* v. *Patterson,* 315 *U. S.* 148; 86 *L. Ed.* 754.

In the instant case, the record submitted to us is meagre. It does not contain the order or regulation of the Board so that we may not determine whether or not it is a reasonable or legal regulation. The prosecutor, from the records, appears to have conceded that the order or regulation was not complied with but relied upon the argument that the Board was without power to impose any regulations on the operation of prosecutor, by reason of his licensing by the Federal Commission.

On the record before us, we are unable to conclude that the State Board exceeded its authority. The court will not presume the judgment of a *quasi*-judicial body to be erroneous in the absence of proof thereof.

We conclude that the prosecutor has failed to show that the respondent's order was unwarranted or illegal and the writ is dismissed, with costs.