

# THE ATTORNEY GENERAL
# OF TEXAS

December 12, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Brad Wright
Chairman
Public Health Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-992

Re:  Constitutionality of an amendment to article 4551f, V.T.C.S., which requires dental laboratories doing business in Texas to register with the Board of Dental Examiners (RQ-1571)

Dear Representative Wright:

You ask about the provision in article 4551f, V.T.C.S., which requires dental laboratories doing business in Texas to register with the Board of Dental Examiners. We find nothing in the United States Constitution or any of the legislative acts of the federal congress which would place such a provision beyond the powers of the legislature.

The 70th Legislature amended the relevant part of article 4551f, section 6, V.T.C.S., to read:

> It shall be the duty of the owner or manager of each dental laboratory to annually apply to and register each dental laboratory <u>doing business</u> in this State with which that person has any connection or interest with the Texas State Board of Dental Examiners . . . .

V.T.C.S. art 4551f,  § 6(a), <u>as amended by</u> Acts 1987,  70th Leg., ch. 1095, § 2, at 3714.  (Emphasis added.)  Prior law limited the registration requirement to dental laboratories <u>located</u> in the state and did not reach out-of-state laboratories <u>doing business</u> in the state.

You ask whether the power of the federal congress to "regulate commerce among the several states" prohibits such state regulation.  <u>See</u> U.S. Const. art. I, § 8, cl. 3.

The Commerce clause of the Federal Constitution, through the application of the Supremacy Clause, permits the federal government to preempt by specific legislation state

regulations which are contrary to the goal of providing a uniform, non-discriminatory national marketplace for goods and services. See generally Rotunda, Nowak, and Young, Treatise on Constitutional Law: Substance and Procedure § 11.1, at 579. In the case at hand, we can find no federal legislation or judicial decisions which expressly deny to the states the power to adopt legislation regulating the operation of dental laboratories.

If there is no preemption of state power, then the courts examine the state law for evidence of discrimination aimed solely at out-of-state businesses. As the authors of a leading treatise on constitutional law note:

> [T]he text of the commerce clause provides no overt restraint of state impingement of interstate commerce in the absence of Congressional legislation. It has been left to the [courts] to interpret, as inherent in that affirmative grant of power, self-executing limitations on the scope of permissible state regulation.

Rotunda, Nowak, and Young, supra, at 578.

Thus, in the absence of preemptive legislation by the national government, the courts must define the proper contours of acceptable state regulation of interstate commerce. First, they recognize that the states may apply some regulation to interstate commerce in order to protect the health and safety of their citizens. See, e.g., Willson v. Blackbird Creek Marsh Co., 27 U.S. (2 Pet.) 245 (1829).

In every case where the courts examine actions taken by states ostensibly to protect their citizens, they are concerned chiefly with whether the exercise of state power affects both local and interstate interests equally, so as to negate the possibility that the use of the police power is in fact a disguised mechanism to give unfair advantage to home-state commercial interests. See, e.g., Bibb v. Navajo Freight Lines, Inc., 359 U.S. 520 (1959); Rotunda, Nowak, and Young, supra, § 11.6, at 590-593. See also Dowling, Interstate Commerce and State Power, 27 Va. L.Rev. 1 (1940).

In the statutory provision at hand, it is important to note that the registration provisions apply to dental laboratories located both within and without the state. Thus, as provided for in the statute, the requirement does not discriminate against national interests.

Finally, in the absence of <u>both</u> a federal statute preempting a state regulation and an overtly discriminatory purpose in the state law, the courts will apply the following factors to determine the constitutionality of state regulation challenged under the commerce clause:

> Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will . . . depend on the nature of the local interest involved, and whether it could be promoted as well with a lesser impact on interstate activities. (Citation omitted.)

<u>Pike v. Bruce Church, Inc.</u>, 397 U.S. 137, 142 (1970). <u>See also</u> Eule, <u>Laying the Dormant Commerce Clause to Rest</u>, 91 Yale L.J. 425 (1982); Maltz, <u>How Much Regulation is Too Much -- An Examination of Commerce Clause Jurisprudence</u>, 50 Geo. Wash. L.Rev. 47 (1981).

Although a final, definitive answer to your question is available only in the federal courts, we are confident that, on its face, section 6 of article 4551f is a legitimate exercise of state power.

## S U M M A R Y

> The state may regulate interstate commerce in the interest of protecting the health and welfare of its citizens. In the absence of federal legislation preempting state regulation of a given area, the courts will examine the exercise by the state of its police powers for evidence of a discriminatory purpose and a real relationship to a legitimate state purpose.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General