May Term,
1853.

BEPLEY
v.
THE STATE.

*R. Brackenridge*, for the defendant.

BEPLEY *v.* THE STATE.

Proceedings in form similar to those in *Lindville* v. *The State*, 3 Ind. R. 580, held to be good for the reasons there given.

Prosecution for a nuisance under s. 17 of the act of *March*, 1853, regulating the retail of spirituous liquors. There was evidence tending to prove that the defendant, on a single occasion, sold liquor by a less quantity than a gallon, and suffered it to be drank in his house. It appeared also that he had bottles of different kinds of liquor usual in retail establishments. *Held*, that it was for the jury to say whether this evidence was sufficient; and having so decided, in a matter peculiarly within their province, the verdict ought not to be disturbed.

Where the defendant has moved in arrest of judgment, he cannot afterwards take the opinion of the Court on the sufficiency of the evidence on a motion for a new trial, unless he brings himself within some of the recognized exceptions.

It is competent for the legislature to declare any practice deemed injurious to the public a nuisance, and to punish it accordingly.

Whether a law is politic or expedient or necessary, is not a question with which the courts have anything to do.

APPEAL from the *Hamilton* Court of Common Pleas.

STUART, J.—This was a prosecution for a nuisance, under the 17th section of the act of *March*, 1853, regulating the retail of spirituous liquors. Trial by jury. Verdict and judgment for the state.

A motion to quash made before trial was correctly overruled. In form the proceedings are similar to the case of *Lindville* v. *The State*, decided at the *November* term, 1852 (1); and for the reasons there given are substantially good.

There was evidence tending to prove that *Bepley*, on a single occasion, sold liquor by a less quantity than a gallon, and suffered it to be drank in his house. It appeared also that he had bottles of different kinds of liquor usual in retail establishments. It was for the jury to say whether this evidence was sufficient. Having so decided in a matter peculiarly within their province to decide, we think the verdict ought not to be disturbed. 4 Blackf. 247.

There is a technical point, well settled in the books, but often overlooked in practice, which would restrain us from disturbing the verdict, if we were otherwise so disposed. The defendant moved first in arrest of judgment. According to the authorities he could not afterwards take the opinion of the Court below on the sufficiency of the evidence, by a motion for a new trial, unless he had brought himself within some of the recognized exceptions, which he has not done. In the order in which they were made the one motion was fatal to the other. *Rogers* v. *Maxwell*, *ante*, 243.—2 Ind 117.

The constitutional question so elaborately argued by counsel, does not arise in the record. The 17th section is not liable to any objection of that kind. It is competent for the legislature to declare any practice deemed injurious to the public a nuisance, and to punish it accordingly. This is fully recognized in the elaborate liquor cases decided in 5th Howard U. S. R. 504, *et infra.*

Whether the law is politic or expedient or necessary, is not a question with which the courts have anything to

May Term,
1853.

BEPLEY
v.
THE STATE.

Monday,
June 6.

do. That lies between the people and those to whom they delegate the temporary power of making laws. If the act is not a reflection of public sentiment, neither the responsibility nor the remedy lies with the courts.

No inference is to be drawn that the Court considers the whole act constitutional. There is sufficient in the statute, independent of the parts which counsel deem unconstitutional, to execute the 17th section and support the judgment of the Court below; 2 Blackf. 8; and this is all which the case at bar brings judicially before us.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Garver*, for the appellant.

*D. C. Chipman, J. Robinson, R. A. Riley, N. B. Taylor,* and *J. Coburn*, for the state.

(1) 3 Ind. R. 580.