McKinney v. Springer.

A party waives his objections to instructions by not excepting to them.

By omitting to except to the refusal of instructions, a party will be treated as having acquiesced in the refusal.

To make a ruling of the Circuit Court the subject of review in the Supreme Court, it must have been excepted to when it was made.

A motion in arrest of judgment is an affirmance of the verdict, and a motion for a new trial can not afterwards be entertained, unless the cause upon which it is founded was discovered after the motion in arrest was made.

Where no exception has been taken to the admission of evidence in the Court below, its admissibility will not be examined in the Supreme Court.

APPEAL from the *Decatur* Circuit Court.

*Per Curiam.*—Assumpsit by *Springer* against *McKinney* for work and labor done and materials furnished, in and about the building of a house. The defence involved questions upon the statute of limitations, the breach of a special contract, and the amount recoverable on the common counts. The suit was commenced in 1844, and resulted, on the first trial, in a judgment for the plaintiff for 1,141 dollars and 65 cents.

That judgment was reversed in this Court in 1847, and the cause remanded for another trial. *McKinney* v. *Springer*, 8 Blackf. 506.

That trial resulted in a judgment for the plaintiff for 2,200 dollars, which judgment was subsequently reversed, on appeal, in this Court, the cause being again remanded for a further trial. This was in 1851. *McKinney* v. *Springer*, 3 Ind. R. 59.

The third trial occurred in 1853, and was less fortunate than the preceding for the plaintiff. His recovery amounted to but 1,246 dollars; of which, on the suggestion of the Court, he remitted 178 dollars, leaving his final judgment to be rendered but for 1,068 dollars.

Tempted by his previous good fortune here, the defendant has again appealed to this Court; and he assigns three errors: 1. The Court erred in the instructions given to the jury. 2. The Court erred in refusing to give instructions asked. 3. The Court erred in refusing to grant the motion for a new trial.

We can not examine into the first assignment. Instructions were given, and made a part of the record, but they were not excepted to, and, hence, objection to them must be considered as having been waived. It was so ruled in *Comparet* v. *Hedges*, 6 Blackf. 416. The Court there say that the instruction given was clearly wrong, "but as no objection was made to the charge when given," it was then too late, &c. In *Jones* v. *Van Patten*, 3 Ind. R. 107, it is held that instructions must be excepted to before the jury deliver their verdict. See, also, *Heaston* v. *Colgrove*, *id.* 265.

Nor can we look into the second assignment. Some instructions were asked and not given, but no exception was taken. The right to insist upon them was, consequently, waived. Every ruling of the Court, which the party claims to have reviewed here, must be excepted to when the ruling is made. 2 R. S. 112, sec. 325.—4 Chitt. Gen. Pr. 10.—2 Swan's Pr. 904.—*Phelps* v. *Mayer*, 15 How. (U. S.) R. 160.—*Turner* v. *Yates*, 16 *id.* 14.

The motion for a new trial was made too late. It was subsequent to a motion in arrest of judgment, which motion was an affirmance of the verdict by the party who made the motion. *Chitty*, in his General Practice, vol. 4, p. 77, says: "After an unsuccessful motion in arrest of judgment, a party is not at liberty to move for a new trial, even within the first four days of the term, for by moving to arrest the judgment he affirms the verdict." See, also, 2 Swan's Pr., 921.

This rule is qualified in *Mason* v. *Palmerton*, 2 Ind. R. 117, so far as to permit the motion for a new trial after that in arrest, where the cause for moving for a new trial was discovered after the motion in arrest had been made.

Thus far upon the ground that the motion was too late. But had it been made in time, the new trial could not have been granted. No exception is taken to the evidence, in the brief of counsel, nor in the assignment of errors, and none, as we have seen, can be heard as to the instructions. The case stands, then, before us upon the weight of evidence, (supposing the motion for a new trial properly

made,) and upon the evidence we could not disturb the verdict of the jury, for it surely tends to sustain that verdict.

Counsel for the defendant in this Court further contend that the motion for a new trial can not be noticed, because not made upon a written statement of causes filed at the time of making it, as required by section 355, 2 R. S., p. 119.

The counsel would be correct in their position, but for the fact that the statute cited did not take effect till six days after the motion was made.

The judgment is affirmed, with 2 per cent. damages and costs.

Davison, J., having been concerned as counsel, on the first trial of this cause in the Circuit Court, was absent.

*J. Ryman*, for the appellant.
*L. Barbour* and *A. G. Porter*, for the appellee.