DOE on the demise of BROWN *v.* CLARK.

Where a party has moved in arrest of judgment, he can not afterwards take the opinion of the Court on the sufficiency of the evidence on a motion for a new trial.

Where the record does not profess to contain all the evidence, it will be presumed that there was sufficient to support the judgment.

Thursday, June 14.

APPEAL from the *Whitley* Circuit Court.

DAVISON, J.—Ejectment for a quarter-section of land in *Whitley* county. Plea, not guilty. The Court tried the cause and found for the defendant. The plaintiff moved in arrest of judgment, and also for a new trial.

The following are the reasons assigned for a new trial: 1. That the finding was contrary to the evidence. 2. That the evidence established the plaintiff's title and not the defendant's.

These motions were overruled and judgment given for the defendant.

The order in which the motions stand in the record shows that the motion in arrest was first made; and we have decided, that "where a party has moved in arrest, he can not afterwards take the opinion of the Court on the sufficiency of the evidence on motion for a new trial." *Bepley* v. *The State*, 4 Ind. R. 264.—*Rogers* v. *Maxwell*, *id.* 243.—2 Ind. R. 117. As no cause in arrest appears to have been alleged, or to exist in the proceedings, both motions were properly overruled.

But there is another ground upon which the ruling of the Court must be sustained. The record does not profess to contain all the evidence given on the trial. We will therefore, in favor of the decision of the Court, presume that there was evidence before it sufficient to sustain the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Worden* and *I. Blackford*, for the appellant.

*R. Brackenridge*, jr., for the appellee.