May Term, 1856.

THE MARION AND LOGANS- PORT RAIL- ROAD CO. v. LOMAX.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the parties to amend their pleadings.

*I. Van Devanter* and *J. F. McDowell*, for the appellants.

*A. Steele* and *H. D. Thompson*, for the appellee.

## THE MARION AND LOGANSPORT RAILROAD COMPANY v. LOMAX.

The defendant, by suffering a default, under the R. S. 1852, admitted the truth and sufficiency of the complaint; but since the statute of 1855, the rule is otherwise.

A motion in arrest of judgment is an affirmance of the verdict, and precludes a motion for a new trial.

After a default and an inquest of damages, the defendant moved for a new trial. *Held*, that the motion was not a proper one.

*Held*, also, that the proper motion would have been to set aside the inquest.

*Tuesday, May 27.*

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—*Lomax* sued the *Marion and Logansport Railroad Company*, in debt. The defendant made default. The plaintiff introduced his evidence, and had judgment for his damages. The defendant then appeared, and moved in arrest of judgment and for a new trial.

The Court overruled the motions, and rightly. The default admitted the truth and sufficiency of the complaint. *Johnson* v. *Stebbins*, 5 Ind. R. 364. Since the statute of 1855, Laws of 1855, p. 60, the rule will be otherwise.

No exception was taken to the admission of evidence.

The motion in arrest, preceding that for a new trial, affirmed the verdict, and cut off the latter motion, even had it been a proper one. But it was not a motion adapted to the case. There had been no trial; the default prevented one; and there could be none till the default was set aside. No motion for that purpose was made.

The only motion the defendant could make, as the case stood, was to set aside the inquest of damages. No such motion was made. See *De Gaillon* v. *L'Aigley*, 1 Bos. & Pul. 368.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*I. Van Devanter* and *J. F. McDowell*, for the appellants.

*A. Steele* and *H. D. Thompson*, for the appellee.