WHEELER *v.* ROHRER ET AL.

[No. 2,634.   Filed January 26, 1899.]

GUARANTY.—*Absolute Guaranty.*—*Notice.*—Where an absolute guaranty is made, no notice of acceptance by the guarantee is required. *p. 480.*

BOND.—*To Indemnify Vendor against Loss.*—*Notice of Acceptance Not Necessary.*—A bond "to indemnify or make good any loss by reason of nonpayment of goods" sold to the principal on the bond, and a bond conditioned that the "parties hereto" agree to indemnify the obligee "against any and all loss that may arise * * * and all persons interested in said contract are hereby secured," are original joint and several undertakings, and require no notice of acceptance. *pp. 477-482.*

PRACTICE.—*Action on Bond.*—Where one joins with a principal debtor in executing a bond, the obligee may, upon default, sue both obligors in the same action. *p. 482.*

SAME.—*Judgment Entered on Last Day of Term.*—*Motion in Arrest.* —The fact that special findings and conclusions of law were entered on the last day of the term, and judgment rendered on the same day, does not prevent the filing of a motion in arrest of judgment. *pp. 482, 483.*

From the Marion Circuit Court.  *Affirmed.*

*Stevenson, Shirts & Fertig,* and *Pickens, Cox & Kahn,* for appellant.

*Hord & Perkins,* for appellees.

ROBINSON, J.—Appellees sued appellant, Philip S. Wheeler, and one Agnes W. Templeton, for the value of certain goods sold Templeton. Templeton confessed judgment. Wheeler answered in two paragraphs, to which a reply in denial was filed. Judgment in appellees' favor. The questions raised may all be considered in a discussion of the special finding of facts.

The special finding shows that in 1895 appellees, as the Germantown Cigar and Tobacco Company,

were wholesale dealers in tobacco; that Agnes W. Templeton, a retail dealer, desired to buy goods of appellees, which appellees refused to sell to her on credit unless she would give acceptable security; that thereupon, in order to induce appellees to sell goods to her on credit, she and Wheeler executed to appellees a certain undertaking or bond; the bond, dated May 18, 1895, and signed by Templeton and Wheeler, provided that Templeton and Wheeler bound themselves to appellees in the penal sum of $1,000 for the payment of which they bound themselves jointly and severally; that the condition of the bond "is that as the above bound Philip S. Wheeler has by this instrument agreed to indemnify or make good any loss by reason of nonpayment for goods received and sold by A. W. Templeton on account of the above named Germantown Cigar and Tobacco Company, as their account may appear, now, if the said A. W. Templeton will not pay for all goods shipped by the Germantown Cigar and Tobacco Company when ordered by said A. W. Templeton, then said Philip S. Wheeler agrees to pay and indemnify said J. H. Rohrer, J. A. Brown, A. C. Kercher, Joe Endress, Jr., and David Rohrer, known as the Germantown Cigar and Tobacco Company, and all persons interested in the said agreement, against all demands by reason of an agreement or covenant in the contract for the purchase of cigars from said Germantown Cigar and Tobacco Company, then this obligation is to be void, else to remain in force;" that the bond was delivered to appellees for the purpose of inducing appellees to sell goods to Templeton on credit; that appellees, after receiving the bond and making inquiries as to the financial responsibility of Wheeler, accepted the same, and in consideration thereof, were induced to, and did, sell and deliver to Templeton, in pursuance thereof, from the 22nd day

of May to the 31st of July, 1895, goods amounting to $1,056.50; that Templeton paid $145 of that sum, and that the balance ($911.50) is wholly unpaid, and has been due since November 1, 1895; that after the 29th day of July, 1895, appellees refused to sell Templeton any more goods without additional security, and thereupon, in order to induce appellees to continue to sell goods to her on credit, Templeton and Wheeler, on September 3, 1895, executed a second bond, whereby Templeton, as principal and Wheeler, "as surety for said principal," bound themselves jointly and severally to appellees in the penal sum of $1,500; that the condition of the bond was that, as Templeton "has entered into a contract with the Germantown Cigar and Tobacco Company whereby the said company agrees to and does furnish cigars from time to time to said Templeton, * * * now, if the said Templeton will well and truly pay all amounts legally due for goods and cigars purchased, * * * then the bond to be void, otherwise the parties hereto agree to, and do indemnify said Germantown Cigar and Tobacco Company against any and all loss that may arise from said contract, and all persons interested in said contract are hereby secured against all demands by reason of an agreement or covenant in the contract for the purchase of cigars" from the company; that, in consideration of said bond, appellee sold and delivered to Templeton, between September 11, 1895, and November 16, 1895, goods amounting to $277.75, which sum is long past due and wholly unpaid; that in the fore part of July, 1895, Wheeler was notified by appellees that Templeton had failed to pay for the goods she had purchased under the bond dated May 18, 1895, or for any part of them, and Wheeler requested appellees to continue to sell her goods thereunder; that in December, 1895,

Wheeler was notified of the amount Templeton had failed to pay for goods purchased under the bonds,— $1,189.25, and that the same was due; and that payment was demanded from Wheeler, but he refused to pay. The finding further states that Templeton appeared in open court in person, and confessed judgment for the full amount sued upon in appellees' complaint, and that judgment was rendered against her. The court stated as conclusions of law that appellees were entitled to judgment against Wheeler for $1,296.28.

There were two paragraphs of complaint, each counting on a separate bond. The statement of the condition of the bonds shows the purpose for which they were given. The contracts whose fulfilment these bonds were given to secure were the contracts Templeton had with these appellees to purchase goods. The bonds were the inducement for appellees to give Templeton credit, and if she carried out her contract with appellees, and paid for the goods, the bonds were void. Each paragraph of complaint is accompanied by a bill of particulars showing the account appellees held against Templeton. The complaint is not open to the objection that the contracts to secure the performance of which the bonds were given are not described, or a violation of the same not shown.

Under the special findings and conclusions of law, it is argued by appellant's counsel that these bonds are bonds of strict guaranty, and not original undertakings, and that the findings fail to show any notice of acceptance to Wheeler. Even if we should hold that the liability of appellant is that of a guarantor, notice of acceptance was unnecessary. If it was a contract of guaranty, it was an absolute guaranty, and not an offer to guaranty; and, where an absolute guar-

anty is made, no notice of acceptance by the guarantee is required. *Bryant* v. *Stout*, 16 Ind. App. 380, and cases there cited. Brandt Suretyship and Guaranty, (2nd ed.), sections 193, 194. But the bonds in question show an original undertaking on the part of appellant, and not a collateral guaranty. In a strict collateral guaranty, the guarantor does not undertake to do what the principal is bound to do, but he undertakes, in the event the principal fails to do what he has promised, to pay damages for such failure. A guarantor undertakes to pay such damages as result from the principal's default. A surety undertakes to do the particular thing if the principal fails. See *Nading* v. *McGregor*, 121 Ind. 465, 6 L. R. A. 686; *Newcomb, etc., Co.* v. *Emerson*, 17 Ind. App. 482; *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Lane* v. *Mayer*, 15 Ind. App. 382; *Bryant* v. *Stout, supra;* Brandt Suretyship and Guaranty (2nd ed.), section 1.

While the bonds are not drawn with that precision which should characterize a legal instrument, yet from the whole instrument we cannot escape the conclusion that they were intended to be, and, are, the original undertakings of appellant. The bond, in each case, was the consideration for the sale of the goods. In the first bond the undertaking of appellant was not merely to pay the damages resulting from the failure of Templeton to fulfil her agreement, but he agreed to pay for the goods she bought in case she failed to pay for them. In the second bond appellant designates himself as surety for Templeton, and agrees that, in case she fails to pay for goods purchased "the parties" agree to, and do, indemnify appellees against any loss, and all persons interested in the contract "are hereby secured" against loss; and in each case the bond was the joint and several undertaking of appellant and Templeton.

We fail to see where these bonds differ in any essential respect from an ordinary bond of a principal and surety, signed by both parties, and conditioned to answer for a default of the principal. Appellant did not enter into any contract collateral to that of the principal, but he promised to do that which his principal was bound to do. He bound himself jointly with his principal as an original promisor, and gave the creditor the right to sue him jointly with his principal. See *Burns* v. *Singer, etc., Co.*, 87 Ind. 541; *Morgan* v. *Smith, etc., Co.*, 73 Ind. 179; *Shearer* v. *Peale*, 9 Ind. App. 282. These bonds authorized sales to be made to Templeton, and, if she failed to pay for the goods Wheeler promised to do so. The principal debtor is a party to the undertaking which is joint and several. In the case of *McMillan* v. *Bank*, 32 Ind. 11, the court said: "There is no case in the books, to our knowledge, and some pains has been bestowed in their examination, in which one contracting jointly with the principal debtor has been deemed a guarantor and allowed to avail himself of such defences as are peculiar to that character."

It was not necessary that the finding should show that Templeton is insolvent. The obligee had the right to sue both the obligors in the same action. Had the obligee been compelled to sue the principal first, such a finding would be necessary. But here the liability of the obligors accrues at the same time on the same bond, and arises from one breach of the same contract. *Bryant* v. *Stout, supra.*

The fact that the special findings and conclusions of law were entered of record on the last day of the term, and judgment rendered on the same day, did not necessarily prevent appellant from filing a motion in arrest of judgment. The record shows appellant was present and excepted to the sustaining of appellee's

motion for judgment, and a motion in arrest of judgment could have been then made. A motion in arrest cuts off a motion for a new trial, unless the grounds of the motion for a new trial are unknown at the time the motion in arrest is made. Elliott's App. Proc., section 834n. See *Cincinnati, etc., R. Co. v. Case*, 122 Ind. 310, and cases cited. The code provides that where a verdict is rendered on the last day of the term, the motion for a new trial may be filed on the first day of the next term. The court may render judgment, however, on the last day of the term, but that does not cut off the right to file the motion for a new trial at the next term. Appellant had a right, before judgment was rendered, to file a motion in arrest, and it does not appear from the record that this right was denied.

There is no error in the record, and the judgment is affirmed.

Comstock, J., took no part in this decision.