## WILLARD ET AL. *v.* ALBERTSON ET AL.

[No. 2,786.    Filed May 24, 1899.    Rehearing denied October 27, 1899.]

STREET IMPROVEMENTS.—*Cities.*—*Legality of Incorporation.*—The legality of the incorporation of the city cannot be attacked in an action to foreclose assessments for street improvements.    *p. 166.*

APPELLATE COURT.—*Transfer of Cause.*—*Questions Decided by Supreme Court.*—Questions which have been decided by the Supreme Court cannot be presented to the Appellate Court when the cause is transferred to such court.    *p. 167.*

PRACTICE.—*Motions.*—*New Trial.*—*Arrest of Judgment.*—A motion for a new trial cannot be made after filing a motion in arrest of judgment.    *p. 167.*

From the Lawrence Circuit Court.    *Affirmed.*

*J. D. Alexander, J. H. Willard, R. W. McBride* and *C. S. Denny,* for appellants.

*T. J. Brooks, W. F. Brooks, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellees.

COMSTOCK, J.—There are questions raised by this appeal not passed upon in *Lewis* v. *Albertson, ante,* 147.    The first is that the court erred in sustaining the demurrer to the fifth paragraph of answer.    This paragraph denies that the city of Bedford was duly incorporated and that therefore the proceedings of the council in question were void.    The legality of the incorporation can not be attacked thus collaterally. *Mullikin* v. *City of Bloomington,* 72 Ind. 161.

The fifth specification challenges the action of the court in sustaining the demurrer to the amended thirteenth paragraph of answer. This paragraph is an answer to so much of the complaint as demands attorney fees, upon the ground that the provision for attorney fees by the act of March 8, 1899, and acts amendatory and supplemental thereto, are unconstitutional. Appellants admit that the Supreme Court has decided the question against them, but they desire to present it again. It can not be done in this tribunal.

The next error claimed is the sixth, the overruling of the demurrer to the amended second paragraph of reply. The demurrer is not in the record, but we are of the opinion that this paragraph by way of estoppel was sufficient.

As to the action of the court in overruling the motion for a new trial, which is also assigned as error, it is only necessary to say that before the filing of that motion, appellants filed their motion in arrest of judgment. The motion for a new trial therefore came too late. *Cincinnati, etc., R. Co.* v. *Case,* 122 Ind. 310. In the rulings herein referred to, we find no error. As to the other alleged errors, the judgment is affirmed upon the authority of *Lewis* v. *Albertson, supra.* Judgment affirmed.

PER CURIAM.—It having been suggested that Mrs. Kate N. Willard, one of the appellants, has died since the submission of this cause, it is ordered that the judgment rendered herein be as of the term when the submission was made.