STANDISH v. BRIDGEWATER.

. [No. 19,789.   Filed November 6, 1902.]

APPEAL.—*Assignment of Error.*—*Constitutional Question.*—*Review*—An assignment of error that a certain specified act of the legislature is unconstitutional, is improper, and presents no question for review.  *p. 387.*

TRIAL.—*Rejecting Evidence.*—*Offer to Prove.*—*Exception.*—In order to save an exception to a ruling of the trial court in excluding evidence, the offer to prove must be made before such ruling. *p. 387.*

APPEAL.—*Record.*—*Evidence.*—*Special Bill of Exceptions.*—A special bill of exceptions, under §642 Burns 1901, must show that the evidence embraced in the special bill was all the evidence given upon the issue to which the proffered evidence related.  *p. 388.*

From Washington Circuit Court; *T. B. Buskirk,* Judge.

Action by Curg Bridgewater against Dawson Standish. From a judgment for plaintiff, defendant appeals. *Appeal dismissed.*

*S. H. Mitchell* and *E. C. Mitchell,* for appellant.
*Elliott & Houston,* for appellee.

DOWLING, C. J.—This case was commenced before a justice of the peace, and was taken to the Washington Circuit Court on appeal.   The appellee, who was the plaintiff below, sued the appellant upon an account for labor performed by him on the farm of the appellant, and for a small quantity of fodder sold and delivered by him to the appellant.   Answer:   Denial, payment, and special plea. that appellant hired appellee to do work as a farm-hand to the amount of $25, which sum was to be paid by the sale and delivery of a buggy by appellant to appellee; that appellee did work to the amount of $20 under the said agreement, for which he received credit; that the appellant offered him other work, and was and is ready to deliver the said buggy as soon as it is paid for by the labor of the appellee, as he promised to do ; that appellant has fully performed his part of said agreement, but that the appellee re-

fused to complete his said contract of hiring; and that appellant has paid appellee for all other work done by him. The case was tried by the court, and, over a motion for a new trial, judgment was rendered for the appellee.

An appeal was taken to this court under the provisions of §§6 and 8 of the act of March 12, 1901 (Acts 1901, p. 565, §§1337f, 1337h Burns 1901), upon the claim that the case was within the jurisdiction of a justice of the peace, and that there was in question, and such question duly presented, the constitutionality of a statute, and the proper construction thereof.

The first error assigned is that the act of April 29, 1899 (Acts 1899, p. 193, §7059 Burns 1901), requiring weekly payments to employes in lawful money of the United States, is unconstitutional. This assignment is not a proper one, and presents no question whatever. The third, fourth, and fifth specifications are merely reasons for a new trial, and are not proper as independent assignments of error.

The sixth assignment, that the court erred in overruling appellant's motion for a new trial, is sufficient in form. The errors relied upon for a reversal of the judgment under this assignment are the rulings of the court excluding evidence of the special contract of the appellee to pay for the buggy by work as a farm-hand, on the ground that the contract was void under the act of 1899, *supra,* and that the appellant was bound to pay appellee's wages in money. In every instance the exception to the decision preceded the offer to make the proof. As has been frequently decided, this was not the correct practice, and the record presents no available error. *Shenkenberger* v. *State,* 154 Ind. 630; *Whitney* v. *State,* 154 Ind. 573; *Gunder* v. *Tibbits,* 153 Ind. 591.

The appellant has unsuccessfully attempted to present upon the evidence, as a reserved question of law, the constitutionality of said act of 1899, and has brought here a special bill of exceptions containing only a part of the evi-

dence.  There is nothing in the bill showing that no other evidence was given upon the point and issue to which the proffered evidence related, or that the bill embraces so much of the record and the statement of the court as will enable, this court to apprehend the particular question involved. §642 Burns 1901, §630 R. S. 1881 and Horner 1901; *Acme Cycle Co.* v. *Clarke,* 157 Ind. 271, 279; *Conner* v. *Town of Marion,* 112 Ind. 517; *Smith* v. *James,* 131 Ind. 131; *Keller* v. *Reynolds,* 12 Ind. App. 383; Ewbank's Manual, §96.

As no question of the constitutionality of the statute, or of the proper construction thereof, is duly presented by the record, the appeal is dismissed.