CONANT ET AL. *v.* FIRST NATIONAL BANK OF PERU.

[No. 23,262. Filed October 30, 1917.]

1. BILLS AND NOTES.—*Promissory Note.*—*Action on.*—*Assignment.*—*Failure to Deny.*—In an action on a promissory note, where the complaint set out the written assignment thereof, and alleged that a receiver was authorized, by order of the court wherein he was appointed, to sell and endorse the note, and the execution of the assignment was not denied by a pleading under oath or by an affidavit, as required by §370 Burns

1914, §364 R. S. 1881, neither the execution of the assignment nor the authority of the receiver to make it was put in issue. p. 571.

2. BANKRUPTCY.—*Action on Promissory Note.—Jurisdiction.—Admission by Pleading.*—In an action on a promissory note where the assignment of the note by a receiver in bankruptcy was impliedly admitted by a failure to traverse it in accordance with the provisions of the statute (§370 Burns 1914, §364 R. S. 1881), there is no merit in the contention that the note constituted a part of the assets of a bankrupt company and that the United States District Court wherein the proceedings in bankruptcy were pending therefore had exclusive jurisdiction. p. 571.

3. BILLS AND NOTES.—*Promissory Note.—Assignment by Receiver.—Authority.*—In an action on a promissory note, a complaint alleging that a receiver in bankruptcy was, by order of the court wherein he was appointed, duly authorized to sell and endorse the note in suit, was sufficient as against the objection that it failed to aver that the order authorized the receiver to sell the note as such receiver. p. 572.

4. JUDGMENT.—*Motion in Arrest of Judgment.—Grounds.*—A motion in arrest of judgment must be based upon an error apparent on the face of the record which vitiates the proceedings. p. 572.

5. NEW TRIAL.—*Motion in Arrest of Judgment.—Right to Move for New Trial.*—A motion in arrest of judgment cuts off the right to subsequently file a motion for a new trial, except where the grounds of the motion for a new trial were unknown at the time the motion in arrest was made. .p. 572.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by the First National Bank of Peru against Edward T. Conant and others. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed.*

*Christian & Christian,* for appellants.

*Antrim & McClintic* and *Shirts & Fertig,* for appellee.

LAIRY, J.—Appellee bank recovered a judgment on a promissory note. The errors relied on for reversal and properly assigned are: First, that the trial court had no jurisdiction of the subject-matter of the action and

that this court acquired no jurisdiction by the appeal; secondly, that the court erred in overruling appellants' demurrer to the complaint; thirdly, that the court erred in overruling appellants' motion in arrest of judgment; and fourthly, that the court erred in overruling appellants' motion for a new trial.

It appears from the complaint that the note in suit was executed to the Brown Commercial Car Company, and that before its maturity said note was sold and assigned to appellee in writing by William B. McClintic then the duly appointed, qualified and acting receiver of the Brown Commercial Car Company. The written assignment is set out in the complaint and it is then alleged that plaintiff purchased said note for value in the usual course of trade before maturity and without any notice of any defense thereto by the makers or either of them, and that said receiver was, by the order of the court wherein he was appointed, to wit, by the District Court of the United States for the District of Indiana, duly authorized to sell and endorse said note as aforesaid.

The execution of the assignment is not denied by a pleading under oath or by an affidavit filed with the pleading and therefore neither the execution of the assignment nor the authority of the receiver to make it was put in issue. §370 Burns 1914, §364 R. S. 1881; *Vannoy* v. *Duprez* (1880), 72 Ind. 26; *Harris* v. *Randolph Co. Bank* (1901), 157 Ind. 120, 60 N. E. 1025.

1.

The assignment being impliedly admitted by a failure to traverse it in accordance with the provisions of the statute, there can be no merit in the argument of appellant to the effect that the note constituted a part of the assets of the Brown Commercial Car Company's estate in bankruptcy of which the federal court for the district of Indiana had sole

2.

and exclusive jurisdiction. The court in which the action was brought had jurisdiction of the subject-matter of the action and the first assignment of error cannot be sustained.

The only objection to the complaint pointed out by the memorandum filed with the demurrer is that such complaint does not allege that the receiver had

3. any authority, direction or order of the court of which he was an officer to sell or assign said note to appellee. In this appellant is mistaken. The objection that the allegations of the complaint hereinbefore set out relating to this subject do not state that the order did not authorize the receiver to sell the note *as such receiver* is too technical to command serious consideration. As against the objections urged, the complaint was sufficient.

The motion in arrest of judgment was properly overruled. It did not show a lack of jurisdiction appearing on the face of the record, or that the rec-

4. ord was otherwise insufficient to support any judgment by reason of defects apparent on its face. A motion in arrest of judgment must be based upon an error apparent on the face of the record, which vitiates the proceedings. *Boor, Admr.,* v. *Lowrey* (1885), 103 Ind. 468, 3 N. E. 151, 53 Am. Rep. 519.

The assignment that the court erred in overruling appellant's motion for a new trial presents no question for the reason that the right to file such a motion

5. was waived by previously filing a motion in arrest of judgment. It has been uniformly held by this court that a motion in arrest of judgment cuts off the right to subsequently file a motion for new trial, except only where the grounds of the motion for a new trial were unknown at the time the motion in arrest was made. *Cincinnati, etc., R. Co.* v. *Case* (1890), 122 Ind. 310, 23 N. E. 797; *Eckert* v. *Binkley* (1893), 134

Ind. 614, 33 N. E. 619, 34 N. E. 441; *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972.

Other questions are argued but as every question presented by the assignment of errors has been disposed of adversely to appellants, it is not necessary to further extend the opinion. Judgment affirmed.

NOTE.—Reported in 117 N. E. 607. Motion in arrest of judgment as a waiver of the right to move for a new trial, Ann. Cas. 1914B 612.