## CASSELL ET AL. *v.* COCHRAN.

[No. 17,091.   Filed September 30, 1943.   Rehearing denied
October 25, 1943.]

*Faust, Faust & Faust,* of Indianapolis, for appellants.

*Rochford & Rochford,* of Indianapolis, for appellee.

ROYSE, C. J.—Appellee brought this action against appellants to recover damages for personal injuries sustained by her in a fire which occurred in a dwelling house which was rented by appellee from appellants. Trial by jury. Verdict in favor of appellee for $500.00.

Appellants' first specification in their assignment of errors here is that the trial court erred in overruling their motion in arrest of judgment. This motion sets out nine grounds in which it is alleged the complaint does not state facts sufficient to constitute a cause of action.

Appellants did not demur to the complaint. Therefore, any defect in the complaint is waived and the overruling of the motion in arrest of judgment presents no question to this court. *Hedekin Land and Improvement Company* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97; *Malone, Trustee* v. *Kitchen* (1922), 79 Ind. App. 119, 137 N. E. 562; *Wright et al.* v. *J. R. Watkins Company et al.* (1928), 86 Ind. App. 695, 159 N. E. 761.

For the same reason we cannot consider the second specification in the assignment of errors, that the complaint does not state facts sufficient to constitute a cause of action. *Indianapolis Power & Light Company* v. *Waltz* (1938), 104 Ind. App. 526, 12 N. E. (2d) 404.

The third and fourth specifications in the assignment of errors are that the trial court erred in overruling appellants' motion to instruct the jury to return a verdict in favor of appellants at the conclusion of appellee's evidence and at the conclusion of all of the evidence. This is not a proper independent assignment of error. *White et al.* v. *State of Indiana ex rel. Huff et al.* (1915), 183 Ind. 649, 655, 109 N. E. 905, Ann. Cas. 1917B, 527; *Western & Southern Life Insurance Company* v. *Davis, Admrx.* (1937), 104 Ind. App. 397, 8 N. E. (2d) 393.

The fifth specification in appellants' assignment of errors is that the trial court erred in overruling their motion for a new trial. Appellants filed their motion in arrest of judgment prior to the time they filed their motion for a new trial. Under such circumstances the motion for a new trial presents no question. *Kelly et al.* v. *Bell* (1909), 172 Ind. 590, 596, 88 N. E. 58; *New Albany Woolen Mills Company* v. *Senior, Administratrix* (1913), 53 Ind. App. 453, 101 N. E. 1025; *Phillips* v. *Gammon et al.* (1919), 188 Ind. 497, 124 N. E. 699; *Wright* v. *J. R. Watkins Co., supra.*

No question having been presented by this appeal, the judgment of the Superior Court of Marion County is affirmed.

NOTE.—Reported in 50 N. E. (2d) 668.

## ON PETITION FOR REHEARING.

ROYSE, C. J.—Appellants, in their petition for rehearing, earnestly contend that our opinion in this case contravenes a ruling precedent of the Supreme Court as announced in the case of *Prudential Insurance Company of America* v. *Ritchey* (1919), 188 Ind. 157, 119 N. E. 369, 484.

We believe our opinion is in complete harmony with

that case. There the Supreme Court, after holding the trial court did not err in overruling the demurrer of appellant because appellant did not point out in the memorandum filed with the demurrer the real defect in the complaint, said at p. 162: "By failing to point out this defect in the complaint by its demurrer, appellant *waived the right to question the sufficiency of the pleading at any later stage of ihe proceeding by a motion in arrest of judgment or by an independent assignment of error,* but it still had the right to insist that every material fact legally essential to a recovery against it should be established by a preponderance of the evidence. The purpose of the statute cited was to prevent the reversal of cases on account of defects in pleadings not pointed out by memoranda filed with demurrers. It was intended to reinforce other statutes providing that, after verdict, pleadings should be deemed amended as to such defects so as to conform to the evidence; but it was not the purpose to dispense with the proof of facts essential under the law to constitute a cause of action or a cause of defense. The failure of defendant to point out a defect in a complaint does not preclude him from *raising objections in any proper way* as to the sufficiency of the evidence to sustain every material fact essential to a recovery whether such fact is pleaded or not. If there is a total want of evidence as to an essential fact, he may successfully raise the question by a motion for a new trial on that ground." (Our italics.)

Our Supreme Court and this court, since 1850, have held that a motion for a new trial filed after a motion in arrest of judgment presents no question. See authorities under n. 22, § 1917, Watson's Revision of Works Practice.

In the instant case appellants did not, in a proper

way, present to this court their objections to the rulings and decision of the trial court. Under such circumstances there is nothing before our court. Therefore, the petition for rehearing is denied.

NOTE.—Reported in 51 N. E. (2d) 21.