GRIDER ET AL. *v.* SCHARF

[No. 17,504. Filed February 14, 1947.]

*Albert H. Gavit* and *Richard S. Kaplan,* both of Gary, and George F. Sammons, of Kentland, for appellants.

*Jay E. Darlington,* of Hammond, for appellee.

PER CURIAM.—The substantial questions in this case arise under appellants' motion for a new trial. However, prior to filing their motion for a new trial appellants filed a motion in arrest of judgment. Under the present ruling precedent in this state such action precludes appellants from filing a motion for a new trial; *Conant* v. *First Nat. Bank, etc.* (1917), 186 Ind. 569, 117 N. E. 607; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58; *Cincinnati, etc., R. Co.* v. *Case* (1889), 122 Ind. 310, 23 N. E. 797, and the trial court's adverse ruling on such a motion could not be error.

However, this court is of the opinion that such prevailing precedent is erroneous and should be overruled. We are in agreement with the following statement from Watson's Revision of Works Practice and Forms, Vol. II, § 1907:

"It seems to be thoroughly established that a motion in arrest of judgment precludes the filing of a motion for a new trial, except for causes discovered afterward. So long as this rule stands, a motion in arrest of judgment should not be made until after a motion for a new trial, if it is desired to make one, but the rule should be changed, as there is no more reason why filing a motion in arrest of judgment should preclude the filing of a motion for a new trial than there is that a motion for a *venire de novo* or a motion for judgment on the answers to interrogatories should have that effect. The rule was established by the common law and never should have been applied after the adoption of the code."

This appeal is therefore hereby ordered transferred to the Supreme Court pursuant to § 4-215, Burns' 1946 Replacement, Subdivision 1.